ORIGINAL

# In the United States Court of Federal Claims

(Pro Se—Not for Publication)

|  |  |  |
|---|---|---|
| DERRICK MUCHISON, | ) | No. 18-629C |
|  | ) | (Filed: May 22, 2018) |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| THE UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

FILED

MAY 22 2018

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On April 30, 2018, pro se plaintiff Derrick Muchison filed a complaint. Docket No. 1. He also filed an application to proceed in forma pauperis. Docket No. 2. In that application, he states, under penalty of perjury, that he is currently unemployed, that he has received no income from any sources during the last twelve months, and that he does not own any items of value. The Court therefore **GRANTS** Mr. Muchison's application to proceed in forma pauperis.

Nevertheless, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the Court of Federal Claims. In Mr. Muchison's complaint, he alleges that a "United States district court . . . collu[ded] with state courts . . . by failing to enforce [a] monetary settlement" arising from a "conspiracy by McDonald and other state federal agencies" that Mr. Muchison claims "deprived [him] of rights of entitlement of financial settlement." Compl. at 1.[1] In particular, Mr. Muchison

---

[1] Mr. Muchison's allegations are written in all capital letters. The Court has altered his capitalization.

7017 1450 0000 1346 1857

appears to assert that the Court of Appeals for the Third Circuit "aided and abetted in . . . systematic attacks" designed to cause Mr. Muchison harm. Id. Additionally, Mr. Muchison alleges that on February 19, 2015, he was subject to "false arrest[,] imprisonment[,] and conviction." Id. On that date, he alleges that he was attacked by an unnamed third party at a McDonald's restaurant, after which McDonald's destroyed video evidence and Mr. Muchison was arrested. Id. at 2. Mr. Muchison states that he filed a civil complaint in district court regarding his allegedly false arrest and, although that matter has been dismissed, he seeks to have it transferred here. Id. Thus, he states under the heading "Relief" that he wants the Court to "remove [his district court case] to this court and [to] compel McDonald to pay $1,000,000." Id. at 3.

The United States is the only proper defendant in the Court of Federal Claims, and suits against all others are beyond this Court's jurisdiction. Howell v. United States, 127 Fed. Cl. 775, 783–84 (2016) (citing United States v. Sherwood, 312 U.S. 584, 588 (1941)). Moreover, the Court lacks jurisdiction over challenges to decisions of other courts. Rohland v. United States, 136 Fed. Cl. 55, 66 (2018). It also lacks jurisdiction over torts, such as false arrest or false imprisonment. See id. at 65–66. And this Court has no power to direct the transfer of a district court case to this court. Finally, a plaintiff seeking damages in this court for an unjust conviction must allege, among other things, that "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction." See 28 U.S.C. §§ 1495, 2513(a)(1). Moreover, "proof of the requisite facts shall be by a certificate of the court or pardon . . . and other evidence thereof shall not be received." Id. § 2513(b).

As is clear, the Court lacks jurisdiction over Mr. Muchison's claims. They are directed at private and state actors, as well as state and federal courts, rather than the United States. He also appears only to assert tort claims. And even to the extent his complaint can be construed as asserting an unjust conviction claim against the United States, Mr. Muchison has not presented a certificate of the court or a pardon establishing his lack of guilt. Accordingly, the Court lacks subject matter jurisdiction over Mr. Muchison's complaint and it is therefore **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge